Judge Miles
delivered the Opinion of the Court.
William White, being possessed of a house aud lot in the town of Winchester, sold the same to Robert Barnes, one of the plaintiffs irs error, at the price of $800, and received the payment of all, except $100. In this situation, Barres sold the same *168 house and lot to Ross Wise, the defendant in error, at the price of 750; for which Wise executed his several promisory notes, to wit, one of $200, a second of $225, and a third of 100, and the residue of the price was paid to Barnes. White was present at this sale, and there being $100, still due to him from Barnes, by agreement of the parties, the last note of $100 above specified, was executed by Wise to White, instead of Barnes, which discharged Barr.es from that balance due for the house and lot. The note of $200, Barnes assigned to James Kelly; and that of $825, to Matthew Anderson; and White assigned the note for $100 executed to him, to Samuel Poston and George E. Hunter. Kelly and Anderson each brought suits on their respective notes against Wise, and obtained judgments at law.
Wise’s biil to iwsind a parol contract ibr land.
sUiswer of Barnes.
To enjoin these judgments, and to set aside the whole contract, Wise filed this bill, setting forth as the sole ground of equity on which the contract should be annulled,, that it was by parol merely on the part of Barnes, and that no writing of any kind was signed or executed between them, except the aforesaid notes executed on his part. For this reason he contends that the contract, as he is advised, is void under the act of assembly to prevent frauds and perjuries. He does not state what were the stipulations on the part of Barnes as to title, or what kind of conveyance be was to make, or when, nor does he complain that Barnes ever refused to comply with his verbal assurances, or suggest any impediment in the way of obtaining the title. He asserts that both Barnes and White were now insolvent.
Barnes, in his answer, alleges, that he was to give the possession of the lot, which he did do, and that Wise has ever since held it, and that he made no verbal assurances or promises with respect to the title; hut that Wise was.to look to White for the title, and that White, who was present, agreed to secure the title, and was to stand in the same relation to Wise which lie had previously done to Barnes, and that to bind White to Wise, he, White, was to give a new bond to Wise, and Barnes was lo sur *169 render the bond which he held on White, and that lie has not only, been ready to do so, but that Wise liad obtained from him his bond on White, for the purpose of writing another by it, and had it ever since; that White was always ready to give such bond to Wise, but Wise had neglected to procure it to be executed, when be had undertaken to do so; and he now offers, if it will put Wise in any better situation with regard to White, and he Í3 ready and willing at any moment, to assign the bond of White, if produced, provided it is done without recourse to him.
Proofs.
Recree of the circ!nt,. court tjie contract,
Where the ai~ S1ip'0e F,r" íigaUonüi° " consequence °f assurance.* goTthatthe money shall Paid n?*~ ground» ofdefence, no fuch^roni'd-Wiii nfterwards avail aSainst hlBl-
We would here observe, that the proofs in the cause fully support the answer of Barnes, with regrard to the terms and nature of the contract.
The assignees of the several notes, also, answered the bill.
The court below, on bearing, dissolved the ¡njunclion, and dismissed the bill, with costs and damages as to the assignee Kelly, and perpetuated the injunction as to Anderson; directed the note held by Poston and Huntdr to be surrendered, and set aside the contract, and decreed that Barnes should refund with interest, what he had received, as well as the amount of Kelly’s judgment with costs.
To reverse this decree, this writ of error is prosecuted.
Kelly, having obtained a decree in bis favor in the court below, is not a party to this writ of error, nor do we deem it necessary that he should be made so, according to the .practice of the court. He set up in his answer, assurances from Wise that the note should be paid, if purchased by him, before he would confirm the contract with Barnes, and esfablished it by proof, which was correctly decided to bar any original equity which Wise might, have against Barnes. Of course, bis interest cannot be affected by any decree which may now be rendered. We deem it unnecessary to enquire whether there is any thing peculiar in the defence of the remaining aseignees, which ought to screen them from the effect of the supposed equity against Barnes, until it is ascertained whether they can bo affected by that equity.
Parol contract for land is not absolutely void.
No action at law can bo maintained on such contract.
f'.quity, following the statute, will not enforce specific performance of it.
Such a contract is not a good consideration for the counter contract.
Such a contract (parol for land) has obligation and effect to many purposes,as in shielding defendants, as vendee from payment of rent where vendor refuses to perform.
We cannot agree with the court below in supposing that a verbal contract for the sale of lands is utterly voidj and that; on this ground only, it ought to be vacated on the prayer of a complainant in equity, when he has not
It is true, the act to prevent frauds and perjuries declares that no action can be brought on such a contract or promise. The statute does not in its letter include a suit in equity. But equity, which follows the law, and repels the absurdity of enforcing a contract, which the law disregards, will not specifically decree the performance of such a contract. Hence it has been decided by this court, in several cases, that such a contract ought not at the instance, of a complainant, to be enforced.
Hence the effect of the statute may be said to be, that no action at. law, or suit in equity, can be supported on such promise.
It has also been decided by this court, that a defendant sued on a note given in consideration of such a contract or verbal promise, may avail himself of it, as a good defence, on the ground that one contract, on which no action will He, is nota good and valid consideration for another, where contract, as is often the case, is the sole consideration of contract.
But notwithstanding this extensive effect given by this court to the act, it has never said, that such contract is wholly void. It is true by the destruction of an action at law, or suit in equity thereon, the obligation thereof is so far impaired or destroyed.
But it does not thence follow that it is wholly destroyed, and that the contract may not be good for other purposes, and have force and obligation under other circumstances. Hence this court has decided that a vendee by such a contract will be entitled to a restoration of his purchase money, and pay for the ameliorations, and has often curtailed the rents against a vendor, who refused to fulfil such contract, when in his power, and availed himself of the plea. It. has, also, decided that such a contract is good in the mouth of a defendant as a matter of defence, and that in a defensive attitude such con *171 tract should be his shield; and its obligation be acknowledged
Purchaser of land by parol who has long held possession, not been injured, and might have had specific performance at any moment, cannot have a rescisión.
Wheie purchaser of a bond for land without assignment or recourse relying on agreement of obligor to give him new bond, obtains possession of the land and bond, and holds them for years without applying for performance or offering to rescind until pressed by executions for >he price, he shall not» have rescisión.
Insolvency of the obligor in such caso not ínateriíil.
*171 Whoever considers the advantage held frequently by defendants in chancery over complainants, must be sensible that such a contract cannot be as successfully attacked by a complainant as by a defendant. To give a complainant the same advantage of the statute when attacking a contract, would, in many cases, enable him to enforce a claim against conscience.
In this case, if Wise bad brought his bill to enforce this contract, his claim might have been resisted by the act.
But as be seeks to amud it, on this ground, against one who wishes it enforced, his attitude is different. In such case the chancellor, before granting relief, ought to inquire whether he has been injured by it, and if so, has, that injury resulted from his own acts.or those of his adversay? If he can get what lie bargained for, and has never been prevented from doing so at any moment, it would be unconseientious to relieve him, when the contract was otherwise fair.
Here Wise, as the proof shews, was to obtain tli.e bond of White, and could have done it at any time, and still retained the possession of Barnes’ bond on White, and the possession of the ground for near two years, as if lying by, to see whether jt would or would not suit him to keep and pay for the estate, while his vendor had every reason to suppose that be had sold it forever.
He never took any measure to remove this delusion, or to obtain his title, until pressed with judgments on his notes; he then comes out with the statute on the face of a bill in equity. Add to this, Barnes may be said to have fuiñlled his contract. He gave the possession and was not to convey or give bond to do so. This White was to do, and Wise was to see to his doing it. Under such circumstances it cannot be equitable to relieve him.
The only hardship which appears to fall on him, is the insolvency of White, which is proved in the cause. By some he was esteemed insolvent at the date of this contract, and possessed hist small i^effris *172 to discharge his contracts, and shortly afterwards became notoriously so, and still Wise was supine and idle in the matter.
Service of process on one not a dfife¡¡diuit in the bill, and who does not answer, does notmnkehiai n party.
in such caso the' vendor having offered in his answer to assign ihe bond without recourse the sume is de''rprjd.
Hanson for plaintiffs; Payne for defendant.
As to any redress against White, it cannot be granted in this cause; for we do not count him a party. He is named in the bill but not made a defendant. The subpoena issued against him; but he never answered; nor were any steps taken against him. Hence we cannot consider his name in the subpoena, any thing but a clerical mistake. His deposition is taken in the case/in which he states the contract minutely, and declares his readiness always to fulfil it, by executing his bond. But what makes this objection of White’s insolvency of less weight is, it is neither alleged or shown, that he has not title and cannot make it, an act which he might as readily perform when insolvent as solvent. It is time, there is a deposition or two stating that another man said that White had purchased from him, and had not paid the purchase money. But the deposition of that man would have been better evidence, and it would have been still better, by shewing the title papers to have traced up the person in whom the title rested.
As Barnes has offered to assign the title bond of White, if it can be done without recourse, and that can be easily done, (to avoid which the parties, in the first instance seems to have resorted to the expedient of a new bond from White) it cannot be inequitable to decree to Wise the execution of this offer, and this will place him in as good a situation, as he would have been, had he obtained White’s bond in the first instance directly to hftnself. So far, and so far only, ought the court below to have decreed in his favor; but as to any further claim his bill must be dismissed with the dissolution of his injunction, and damages in favor of the assignee Anderson, and costs as to alj the defendants.
The decree must, iherefore,be reversed with costs, and directions given for a decree to he entered in She court below conformable to this opinion.